UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

vs.                                              **SENTENCING**
**MEMORANDUM**
ANTHONY ALLEE,                              **19-CR-182**

Defendant.

_____

## INTRODUCTION

This memorandum is being submitted for the Court's consideration of Defendant's, ANTHONY ALLEE, request for a sentence that would be sufficient, but not greater than necessary under the circumstances.

## Procedural History

## ARGUMENT

In the United States v. Booker 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court rendered the United States Sentencing Guidelines advisory. The Second Circuit has instructed that although advisory, the sentencing court must still calculate the appropriate sentencing range under the Guidelines, including any departure provisions. United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). "Once an applicable Guideline range has been determined, the sentencing judge will have the duty, imposed by Section 3553(a)(4), to 'consider' it, along with all of the factors listed in Section 3553(a)." Id. The Court must give due

consideration to the factors identified in 18 U.S.C. Sec. 3553(a) in order to

impose a sentence "sufficient, but not greater than necessary," as is

required in accordance with the Supreme Court's decision in Booker, 543

U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103, and as

recently affirmed in United States v. Ministro-Tapia, 470 F.3d 137 (2nd Cir.

2006).

The law of this circuit has not been changed by Rita v. United States,

127 S.Ct. 2456 (2007). Rita recognized that courts could continue to apply a

more searching level of appellate review than a "presumption of

reasonableness." The sentencing courts, applying the Guidelines in

individual cases may depart (either pursuant to the Guidelines, or, since

Booker, by imposing a non-Guideline sentence)… "The result is a set of

Guidelines that seek to embody the Sec. 3553(a) considerations, both in

principle and in practice." Id. At 2458.  Appellate "reasonableness"

review merely asks whether the trial court abused its discretion." Id. At

2465.

This court has considerable discretion when imposing a sentence

in this case. The Supreme Court issued two decisions, Gall v. United

States, 552 U.S.__, 128 S.Ct. 586 (2007), and Kimbrough v. United

States, 552 U.S. __, 128 S.Ct.558 (2007), which give the sentencing court

power to make an individualized assessment of the appropriate sentence based on the facts presented in each case.

## Title 18 United States Code Section 3553(a)(1) Factors
### History and Characteristics of Defendant

Section 3553(a)(1) instructs courts to consider "the history and characteristics of the defendant." 18 U.S.C. Sec. 3553(a) (1). Now, after the Supreme Court's decision in Booker, District Courts are able to adequately consider aspects of defendants' lives that were previously prohibited under the mandatory Guideline framework. Mr. Allee's history and characteristics are such that a compassionate sentence should be imposed.

Mr. Allee is 29 years old and has not been in any trouble for almost 10 years. He has resided in Western New York most of his life. His father is Kenneth Hallman and his mother is Stephanie Zaharie. Mr. Allee doesn't really know his father because they only met one time. He believes his father was a drug addict and abused alcohol as well. His mother resides in Barker, New York and is employed as a health care aid. She is now 47 years old.

Mr. Allee has four half siblings. (Nick, Darren, Mason and Madison) Nick is 24 and goes to college in Utah. Darren is 20 and is a butcher in Lockport. Mason and Madison are 12 and they are still in

school.  Mr. Allee enjoys a strong relationship with his mother and his siblings.

### Education and Work History:

Mr. Allee has always had a strong work ethic.  Most recently, Mr. Allee was self-employed as the owner of Tony's Pools in Medina, New York.   Prior to this, Mr. Allee worked at Chameleon Pools in Lockport, New York.  He also worked for the Best Buy Geek Squad and has held jobs doing collision work, mechanical work and manual labor.

### Current Relationships:

Mr. Allee has been married to Tashira Allee for the past 7 years. Tashira is 37 years old and she resides with Anthony.  The couple has one child in common, Semira.  Semira is 6 years old and lives with Mr. Allee's mother.  She moved in with his mother because she resided in a better school district, but Mr. and Mrs. Allee enjoy a strong relationship with her and they see her frequently.

### Physical Condition:

Mr. Allee's health is generally good, however he has long struggled with alcohol and substance abuse.  Mr. Allee began smoking marijuana at the young age of 14. Mr. Allee has been addicted to hydrocodone since he was 23 years old. Mr. Allee has been in and out of treatment for most of his adult life.

**Mental Health:**

Mr. Allee is diagnosed with post-traumatic stress disorder, Depression, Social Anxiety and Paranoid personality.  Mr. Allee has received mental health treatment on and off since he was a child.  Mr. Allee has been institutionalized for mental health issues on 4 or 5 occasions.

## CONCLUSION

Mr. Allee is 29 years old, and prior to this arrest, has lived a trouble free life for almost 10 years.  He is extremely ashamed of his behavior. In summary, this conviction has permanently affected Ms. Allee's life.  In addition to facing a lengthy prison sentence, Mr. Allee has suffered tremendous humiliation in front of his friends,  family and the community he resides in. Despite all this, Mr. Allee is thankful that he was arrested because it saved his life by forcing him to deal with his mental health and drug abuse issues.  Mr. Allee is currently sober and has never been sober for this long a period of time. He is also taking his required mental health medication at the jail.

It is apparent that Mr. Allee has been self-medicating rather than addressing his mental health problems in an appropriate manner. Had he been consistent with his mental health treatment, he likely would not be before the court today.

It should be noted that Mr. Allee was extremely cooperative in this case and accepted full responsibility for his actions.  Mr. Allee states that when he got caught he felt like a huge weight was lifted off his chest.  Mr. Allee  knew his conduct was wrong but didn't have the strength to end it on his own.  Mr. Allee was selling drugs because his judgment was severely compromised by his drug use and underlying mental health conditions.  Getting caught forced him to end this cycle.

Mr. Allee asks Your Honor to include in your consideration Your Honor's own sense of what is a fair and just sentence under all the circumstances, and respectfully requests a sentence that is sufficient, but not greater than necessary. See United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

In light of the serious consequences suffered, I am confident that Mr. Allee will never re-offend. He continues to have a healthy relationship with his wife, his mother and his siblings. He is trying his best to get his life back on track and is doing a good job at it. He is sober and receiving appropriate mental health treatment.

For the foregoing reasons, Mr. Allee, respectfully requests the Court to sentence him in a manner than is sufficient but not greater than necessary under the circumstances. Mr. Allee also asks Your Honor to take

into consideration the fact that he lost credit for much of his jail time because he was held in primary state custody for a period of time .

**DATED:**    Buffalo, New York, October 18, 2020.

Respectfully Submitted,

s/ Dominic Saraceno

DOMINIC SARACENO, ESQ.
534 Delaware Avenue
Buffalo, New York 14202
(716)626-7007 (T)
(800)305-5836 (F)
saracenolaw@gmail.com

To:    Justin Bish
       Assistant United States Attorney

       Jaclyn Sainsbury
       United States Probation Officer Specialist

1

2

3
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

4
UNITED STATES OF AMERICA

5
vs.

6
ANTHONY ALLEE,

7
                        Defendant.

8
_____

9
**CERTIFICATE OF SERVICE**

10
**19-CR-182**

11
        I hereby certify that on October 18, 2020 I electronically filed the foregoing

12
with the Clerk of the District Court using its CM/ECF system, which would then

13
electronically notify the following EM/EF Participant on this case:

14
BRENDAN CULLINANE, AUSA

15
138 Delaware Avenue
Buffalo, New York 14202

16
JACLYN SAINSBURY

17
United States Probation Officer
U.S. Probation Department

18
234 U.S. Courthouse
68 Court Street

19
Buffalo, New York 14202

                                   s/Dominic Saraceno

20
                                   _____
                                   DOMINIC SARACENO

21

22

8