UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 2 1 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

   v.             19-CR-182 (JLS)

ANTHONY ALLEE,

    Defendant.

### DECISION AND ORDER

Defendant Anthony Allee, proceeding *pro se*, moved for compassionate release and sentence reduction. Dkt. 105. For the reasons set forth below, his motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

On July 24, 2019, Allee was charged by Criminal Complaint for violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute cocaine and marijuana) and 856(a)(1) (maintaining a premises for use, distribution, or manufacture of controlled substances); Title 18, United States Code, Section 924(c)(1)(A) (possession of firearms in furtherance of drug trafficking crimes); and Title 18, United States Code, Section 2. Dkt. 1. On September 10, 2019, a grand jury indicted him for violations of Title 21, United States Code, Sections 841(a)(1) and 856(a)(1); Title 18, United States Code, Sections 922(j) (unlawful possession of a stolen firearm), 922(o) (unlawful possession of a machinegun), 924(c)(1) (possession of firearms in furtherance of drug trafficking), and 2; and Title 26, United States Code, Section 5861(d) (unlawful possession of a short-barreled shotgun and rifle).

1

Dkt. 21.

On July 21, 2020, Defendant pled guilty to a two-count Superseding Information (Dkt. 69), which charged violations of Title 21, United States Code, Section 841(a)(1) (Count 1) and Title 18, United States Code, Section 924(c)(1)(B)(i) (Count 2).  Dkt. 71.  On November 18, 2020, the Court sentenced Allee to 30 months of imprisonment on Count 1 and 120 months of imprisonment on Count 2 to be served consecutively—a total of 150 months—and a term of supervised release for 3 years on each count, to be served concurrently.  Dkt. 98.

Defendant, who is 31 years old, is currently housed at Federal Correctional Institution Williamsburg ("FCI Williamsburg").  According to the Bureau of Prisons ("BOP"), his projected release date is March 19, 2030.  *See* BOP Inmate Location, https://www.bop.gov/mobile/find_inmate/byname.jsp (last accessed September 20, 2022).

On August 23, 2022, Defendant filed a motion requesting compassionate release and a sentence reduction.  Dkt. 105.  In support of the motion, Defendant cites his mental health needs, family situation, and conduct while in custody.  *See id.*  The government filed a response opposing Defendant's motion on several grounds.  Dkt. 107.  First, the Government argues that Defendant failed to exhaust his administrative remedies.  *Id.* at 6.  The Government further argues that the factors contained in 18 U.S.C. § 3553(a) weigh against Defendant's release.  *Id.*  Lastly, the Government argues that Defendant has failed to show that extraordinary and compelling reasons justify a reduction in his sentence.  *Id.*

2

Defendant filed a supplement to his motion on September 9, 2022, which contains

further elaboration of his request.  Dkt. 110.[1]  On September 9, 2022, Defendant

filed a request for oral argument on his motion.  Dkt. 109.[2]

## DISCUSSION

### I.    LEGAL STANDARD

A judgment of conviction "that includes a sentence of imprisonment

constitutes a final judgment and may not be modified by a district court except in

limited circumstances." *United States v. Seshan*, 850 F. App'x 800, 801 (2d Cir.

2021) (quoting *Dillon v. United States*, 560 U.S. 817, 824 (2010)).  The

compassionate release statute, as amended by the First Step Act, is a statutory

exception.  *United States v. Day*, 473 F. Supp. 3d 209, 212 (W.D.N.Y. 2020).

Pursuant to 18 U.S.C. § 3582(c), and as relevant here, courts may modify a

previously imposed sentence where:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or
> upon motion of the defendant after the defendant has fully exhausted
> all administrative rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse of 30 days from the
> receipt of such a request by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of imprisonment . . . after
> considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that . . . extraordinary and compelling reasons
> warrant such a reduction . . . and that such a reduction is consistent
> with applicable policy statements issued by the Sentencing
> Commission[.]

---

[1] Defendant also states that he received "nothing further, not even from the
Government" after he received notice of the Court's briefing schedule on his motion.
Dkt. 110 at 1.  The Certificate of Service filed with the Government's response (Dkt.
107 at 16) certifies that, on August 30, 2022, the Government's response was mailed
by the U.S. Postal Service to Defendant at the address on record with the Court.
[2] No oral argument is necessary here.

18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

Relief is appropriate pursuant to Section 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth in 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction in the prison sentence is consistent with the Sentencing Commission's policy statements. *Day*, 473 F. Supp. 3d at 213.[3]

Although Defendant requests "either (A) compassionate release or (B) a sentence reduction from 150 months to 120 months," Dkt. 110 at 1, "[i]t bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions." *Brooker*, 976 F.3d at 237. "[T]he statute allows for any sentence reduction—up to and including but not limited to time served—so long as that that reduction is warranted by extraordinary and compelling reasons, consistent with the applicable policy statement, and appropriate in light of the Section 3553(a) factors." *United States v. Rodriguez*, 492 F. Supp. 3d 306, 309 (S.D.N.Y. 2020).

---

[3] The United States Sentencing Commission has defined "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, cmt. n.1. But the Second Circuit clarified that where, as here, a motion for compassionate release is made by a defendant, rather than by the BOP, Guideline § 1B1.13 is not applicable. *See United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020). Thus, while Guideline § 1B1.13 provides guidance, the Court is not bound by it and may consider "'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.'" *United States v. Bush*, 17-CR-611-4, 2021 WL 3097417, at *1 (S.D.N.Y. July 21, 2021) (quoting *Brooker*, 976 F.3d at 237).

## II.   ANALYSIS

### A.   Exhaustion Requirement

The Government argues that Defendant has failed to exhaust his administrative remedies as required.  Dkt. 107 at 6-8.  The statutory exhaustion requirement is met if "the defendant establishes either (1) that the Bureau of Prisons denied his or her request that it bring a compassionate-release motion and he or she fully exhausted all administrative appeal rights with respect to that denial, or (2) that the warden of the facility took no action on his or her request for the filing of a compassionate-release motion within 30 days of receiving it." *United States v. Schultz*, 454 F. Supp. 3d 217, 219 (W.D.N.Y. 2020) (citing 18 U.S.C. § 3582 (c)(1)(A)).

Here, Defendant has not alleged that he exhausted his administrative remedies.  Nor has he provided any documentation of an administrative request.  Further, the Government contacted the Senior CLC Attorney at the Federal Bureau of Prisons regarding Defendant's compassionate release motion, who stated that there is no record of any compassionate release request from Defendant to BOP. Dkt. 107 at 2.

Thus, based on the information before it, the Court cannot conclude that Defendant has satisfied the exhaustion requirement.  Nevertheless, the Court declines base its decision on the exhaustion issue because the request for compassionate release otherwise lacks merit.

**B. Defendant Has Not Met the Demanding Standard of Showing Compelling and Extraordinary Reasons Warrant a Reduction of His Sentence**

Defendant's arguments for release concern his conduct while in custody, mental health needs, and family situation. Defendant states that, while in custody, he has had "no incident reports or write ups" and has "completed several programs, including the BOP Anger Management." Dkt. 105 at 1. He also describes several aspects of his family situation including marital problems, his mother's health, the recent death of his grandfather, and his relationship with his father. *Id.* He states that he is "more than ready to be a father, and hopefully save [his] marriage." *Id.* Defendant further states that he needs "proper mental health care" due to "lifelong trauma," but the "[p]rison doesn't have a psychiatrist or a doctor trained in trauma." *Id.* The Government argues that Defendant has failed to meet the standard of showing compelling and extraordinary circumstances warranting a reduction in his sentence. Dkt. 107 at 14. The Court agrees.

Even if Defendant lacks a disciplinary record, "good behavior is not, by itself, a basis to grant compassionate release pursuant to 18 U.S.C. § 3582(c)." *United States v. Corin*, No. S7 10 CR 391-64, 2020 WL 5898703, at *4 (S.D.N.Y. Oct. 5, 2020). *See also United States v. Salgado*, No. 15-CR-681, 2022 WL 3043100, at *2 (S.D.N.Y. Aug. 2, 2022) (even if the defendant had demonstrated his rehabilitation and "had a spotless disciplinary record," these facts "would not warrant a sentence reduction" because, "[t]o find otherwise would convert the process for obtaining a compassionate release into a de facto parole system, through which defendants with

6

good behavior are rewarded with sentence reductions"); *United States v. Poncedeleon*, No. 18-CR-6094, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020) ("As for Defendant's rehabilitative and behavioral record, those efforts are certainly worth commending, but it does not weigh heavily in favor of release.  Indeed, by itself, rehabilitation of the defendant cannot constitute an 'extraordinary and compelling' reason justifying compassionate release.").

Nor do Defendant's allegations concerning his family provide a basis for relief.  The applicable policy statement provides that compassionate release may be granted due to family circumstances in the event of "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, A.N. 1(C).  Defendant does not allege that the caregiver for his child or his spouse has died or become incapacitated.

To the extent Defendant believes that his incarceration causes hardship on his family, that is not an extraordinary and compelling reason warranting reduction of his sentence.  *See United States v. Pinsky*, No. 19-CR-375-7, 2022 WL 673189, at *2 (S.D.N.Y. Mar. 7, 2022) ("Being unavailable to assist family members is one of the sad and inevitable consequences of incarceration.  Hardship on the family almost always results from serious criminal conduct, and while it is truly unfortunate that Defendant's incarceration has placed a burden on other family members, it is not an extraordinary and compelling circumstance") (internal

citations omitted); *United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help.  It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

Lastly, Defendant fails to demonstrate that he is not receiving adequate medical care.  Defendant provides no proof to substantiate his bare allegation that the "[p]rison doesn't have a psychiatrist or a doctor trained in trauma." Dkt. 105 at 1.  Moreover, his medical records demonstrate that he has received regular assessments concerning his mental health. *See generally* Dkt. 108.  Although the Court is cognizant of Defendant's need for medical care, "that need alone is insufficient to warrant compassionate release, especially given the severity of his criminal conduct." *United States v. Saleh*, No. 93-CR-181, 2020 WL 3839626, at *5 (S.D.N.Y. July 8, 2020), aff'd sub nom. *United States v. Elgabrowny*, No. 20-2254, 2022 WL 1701515 (2d Cir. May 27, 2022) (denying motion for compassionate release where, "[a]lthough [the defendant's] medical condition has worsened since the beginning of his incarceration, BOP medical records illustrate that [Defendant] is receiving adequate care for his current medical conditions").

For these reasons, coupled with the fact that Defendant is only 31 years old, the Court concludes that Defendant has not met his burden of demonstrating extraordinary and compelling reasons warranting a reduction in his sentence.

## C. The Section 3553(a) Factors Do Not Support Modification of Defendant's Sentence

Even if Allee has met his threshold burden of demonstrating extraordinary and compelling reasons for compassionate release, the Section 3553(a) sentencing factors counsel against a sentence reduction.  The Section 3553(a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(1)-(2).

Allee's conduct involved possessing and distributing cocaine—a Schedule II controlled substance—and possessing a short-barreled shotgun in furtherance of drug trafficking crimes.  Upon execution of a search warrant, law enforcement discovered a large amount of stolen property as well as multiple firearms at his residence.  His conduct posed a substantial risk of harm to the public.  The nature, circumstances, and seriousness of the offense weigh against compassionate release.

Defendant's history and personal characteristics also do not favor compassionate release.  At sentencing, the Court acknowledged letters of support from Defendant's family and friends indicating that he is a loving father and an asset to the community.  However, the Court also observes that, at the time of sentencing, Defendant had a substantial criminal history resulting in a total criminal history score of six (Category III).  Defendant has multiple prior

9

convictions for endangering the welfare of children, one of which is based on
supplying an individual with marijuana in exchange for electronics. Defendant's
history and the instant offense make clear that Defendant's prior convictions "did
not dissuade him from engaging in further criminal activity." *United States v.
Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021).

Further, the Court is mindful of the need for the sentence to reflect the
seriousness of the offense, to promote respect for the law, to provide just
punishment for the offense, to afford adequate deterrence to criminal conduct, and
to protect the public from further crimes of Defendant. 18 U.S.C. § 3553(a)(2). At
sentencing, the Court considered the totality of the circumstances of Defendant's
case, and all the mitigating and aggravating factors. The Court also recommended
that BOP place Defendant in a facility near his family and with appropriate mental
health counseling programs. *See* Dkt. 98. Thus, after careful deliberation, the
Court imposed a sentence—which included a term of imprisonment followed by a
term supervised release—that would be consistent with the factors set forth in
Section 3553(a).

For these reasons, releasing Defendant would seriously undermine the goals
of sentencing as reflected by the Court's original sentence.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release and a sentence reduction (Dkt. 105) is DENIED.[4]  In addition, Defendant's request for oral argument on his motion (Dkt. 109) is DENIED.


SO ORDERED.


DATED:      September 21, 2022
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court acknowledges Defendant's request that the Court "consider possible changes in the law." Dkt. 110 at 2.  The Court is not aware of such changes that would warrant a different outcome here.

11